IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WALTER MATTHEWS,           )
        Plaintiff  )
                   )
vs.                        )   Civil Action No. 09-141
                   )   Chief Judge Donetta W. Ambrose
ISTANBUL BALOUGH,          )   Chief Magistrate Judge Amy Reynolds Hay
        Defendant  )

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the case in the above-captioned matter be dismissed for failure to prosecute.

II.    Report

On February 4, 2009, the plaintiff presented a motion for leave to proceed in forma pauperis, Dkt. [1], but failed to include a civil complaint therewith. On April 28, 2009, this court issued an order directing plaintiff to prepare and file his complaint and to do so by May 12, 2009. Upon plaintiff's failure to comply with the court's order, the court issued an order to show cause by June 19, 2009, why the action should not be dismissed for plaintiff's failure to prosecute. To date, plaintiff has not responded to the court's orders.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must

consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)    The extent of the party's personal responsibility.

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

    (3)    A history of dilatoriness.

    (4)    Whether the conduct of the party or the attorney was willful or in bad faith.

    (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

    (6)    The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this court's orders, which weighs heavily against him. It is solely plaintiff's responsibility to comply with the orders of the court and to prosecute his case and his continuing failure to do so appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this court's orders -- because no complaint has been filed service has not been effected and thus, there appears to be no specific prejudice to the defendant other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff was granted status as a pauper in this matter, it does not appear that monetary sanctions are appropriate. Moreover, plaintiff's failure to respond to multiple court orders and,

importantly, his failure even to submit a civil complaint, evidences that he has no serious interest in pursuing this matter. Therefore, dismissal is the most appropriate action for this court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/ s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 2 July, 2009

cc:   Hon. Donetta W. Ambrose
      Chief United States District Judge

      Walter Matthews
      23169
      Allegheny County Jail
      950 Second Avenue
      Pittsburgh, PA 15219